UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MICHAEL F. MURPHY On behalf of HIMSELF and All Others Similarly Situated, )<br>)<br>)<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE and DAVIDSON COUNTY SHERIFF'S OFFICE )<br>)<br>)<br>)<br>)<br>*Defendants*. ) | CIVIL ACTION<br><br>CASE NO. _____<br><br>JURY TRIAL DEMANDED |

## **COLLECTIVE ACTION COMPLAINT**

Plaintiff Michael F. Murphy ("Plaintiff"), on behalf of himself and all others similarly situated, brings this lawsuit against the Metropolitan Government of Nashville and Davidson County, Tennessee and the Davidson County Sheriff's Office (referred to collectively herein as "Defendants"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper under 28 U.S.C. § 1391.

1

## THE RELEVANT TIME PERIOD

4. The FLSA permits Plaintiff to recover unpaid wages and liquidated damages for up to three years prior to the filing of this lawsuit. Accordingly, the allegations set forth herein concern Plaintiff's employment since June 2, 2008.

## PARTIES

5. Plaintiff is an individual residing in Nashville, Davidson County, Tennessee. Plaintiff has been continuously employed by Defendants since in or around March 2005.

6. Defendant Metropolitan Government of Nashville and Davidson County is a governmental entity operating pursuant to Tennessee law.

7. Defendant Davidson County Sheriff's Office ("DCSO") is a department of the Metropolitan Government of Nashville and Davidson County. Pursuant to the Charter of the Metropolitan Government of Nashville and Davidson County, the DCSO's primary duties are to house inmates and to serve civil warrants.

7. Both Defendants are public entities covered by the FLSA. *See* 29 U.S.C. § 203(d), (x).

8. Plaintiff and those he seeks to represent have been directly employed by Defendants during the relevant time period and, as such, are employees entitled to the FLSA's protections. *See* 29 U.S.C. § 203(e).

## FACTS PERTAINING TO DEFENDANTS' COMMON BUSINESS PRACTICES

10. Defendants operate five jails/detention facilities in Davidson County, which include (1) Correctional Development Center – Male, (2) Correctional Development Center – Female, (3) Criminal Justice Center, (4) Hill Detention Center, and (5) Offender Re-Entry Center.

11. Defendants currently employ hundreds of non-management, uniformed officers holding the job titles of Correctional Officer, including Plaintiff. Specifically, Defendants employ Correctional Officers with the position rankings of Correctional Officer 1, Correctional Officer 2, and Correctional Officer 3.

12. Correctional Officers generally are scheduled to work five eight-and-a-half (8.5) hour shifts per workweek. At any given time, Correctional Officers are assigned to one of three work shifts: (i) the "Third Shift," which includes the scheduled hours from 11:00 p.m. – 7:30 a.m.; (ii) the "First Shift," which includes the scheduled hours from 7:00 a.m. – 3:30 p.m.; and (iii) the "Second Shift," which includes the scheduled hours from 3:00 p.m. – 11:30 p.m. However, on a daily basis, Correctional Officers work in excess of their scheduled hours.

13. Pursuant to Defendants' common business practices, Correctional Officers are paid based on these set work shifts, minus an automatic 30-minute meal period deduction. Regardless of when their workdays begin or when their workdays end, Correctional Officers are paid for eight (8) hours for each shift worked.

14. Pursuant to Defendants' common business practices, Correctional Officers must report to "roll call," where they receive their shift briefing, at the time their shifts begin. Prior to their "roll call" meeting, Correctional Officers must check into work through several security stations, including metal detectors and sealed doorways, and walk a significant distance from the entrance of their assigned jail/facility to the location of their "roll call" meeting. After their "roll call" meeting ends, Correctional Officers report to their assigned work areas.

15. Defendants deduct 30 minutes of pay for each 8.5 hour shift Correctional Officers work, purportedly to account for a meal break. However, due to the demands of their jobs, Correctional Officers regularly work through their meal breaks. Instead of taking a meal break,

Correctional Officers are required to continue working and are required to be "on call" throughout the 8.5 hour shift.

16. At the end of their shift, Correctional Officers are not permitted to end their work or leave their assigned work areas until they are relieved by other Correctional Officers assigned to the subsequent shift. However, Correctional Officers are routinely not relieved of their job duties at the end of their shift. Instead, Correctional Officers routinely work beyond the end of their paid shifts.

17. Throughout the applicable time period, Correctional Officers have been routinely required by Defendants to work extra eight-and-a-half (8.5) hour shifts in addition to their five scheduled shifts. Instead of paying the Correctional Officers overtime pay, Defendants provide Correctional Officers "compensatory time" (also referred to as "comp time" or "flex time"). However, Defendants provide such "compensatory time" based on a straight time rate, rather than at a rate of one and one-half hours for each hour worked in excess of the regular workweek. In other words, when a Correctional Officer works eight (8) hours of overtime, he is provided eight (8) hours of "compensatory time" instead of twelve (12) hours of "compensatory time."

## FACTS PERTAINING TO PLAINTIFF

18. Plaintiff has been employed by Defendants since on or about March 2005 as a Correctional Officer.

19. During his employment, Plaintiff has worked for Defendants at four of its five facilities in Davidson County. Plaintiff worked at Correctional Development Center – Male from April 2005 to November 2005 and, again, from December 2010 to April 2011. Plaintiff has worked at Correctional Development Center – Female from May 2011 to the present. Plaintiff

worked at the Criminal Justice Center from November 2005 to October 2010. Plaintiff worked at the Hill Detention Center from October 2010 to December 2010.

20. Throughout his employment with Defendants, Plaintiff has been required to check in to work through the assigned security checkpoints prior to the beginning of his shift.

21. Throughout Plaintiff's employment with Defendants, Defendants have automatically deducted 30 minutes from each shift he worked. However, throughout Plaintiff's employment, Defendants have routinely denied Plaintiff a meal break. Instead, Defendants have required Plaintiff to work through what Defendants claimed was his meal break.

22. Throughout his employment with Defendants, Plaintiff has routinely worked past the end of this paid shift.

23. For several years, Plaintiff has understood that his employment rights have been violated by Defendants, including his rights under the FLSA. On various occasions, Plaintiff has complained to Defendants' management that his rights have been violated.

24. On April 14, 2011, at Plaintiff's direction, undersigned counsel notified Defendants that Plaintiff was represented by counsel and that he intended to exercise his rights under the FLSA in Federal Court to seek all wages owed to him and other similarly situated employees. A copy of this letter is attached hereto as Exhibit A.

25. Approximately one week after this letter was sent, on April 22, 2011, Defendants informed Plaintiff that he had been placed "under investigation" by high-level management as a result of a verbal dispute Plaintiff allegedly engaged in with another Correctional Officer, despite the fact that verbal disputes are routinely handled at Defendants' immediate supervisory level. The next day, on April 23, 2011, Defendants placed Plaintiff on "administrative leave." On May 7, 2011, Plaintiff was taken off of "administrative leave."

26. Plaintiff alleges that Defendants' initiation of the April 22, 2011 investigation, and their placing Plaintiff on "administrative leave" on April 23, 2011, was done in retaliation for his exercising his rights pursuant to the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of potential opt-in litigants:

> All Correctional Officers who are or were employed by the Metropolitan Government of Nashville and Davidson County, Tennessee and/or the Davidson County Sheriff's Office since June 2, 2008.

28. Plaintiff desires to pursue his FLSA claims on behalf of any individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

29. Plaintiff and the above class members are "similarly situated," as that term is defined in 29 U.S.C. § 216(b), because, *inter alia*, all proposed class members worked pursuant to Defendants' previously described common business practices and, as a result of such practices, were not actually paid for all time in which they performed work for Defendants.

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 *et seq.*

### COUNT I
**(Alleging Violations of the FLSA on Behalf of Plaintiff and the Class for Pre-Shift and Post-Shift Work)**

30. All previous paragraphs are incorporated as though fully set forth herein.

31. Plaintiff and those he seeks to represent are employees entitled to the FLSA's protections.

32. Defendants are employers covered by the FLSA.

33. The FLSA entitles employees to compensation for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

34. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half time" their regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

35. Defendants violated the FLSA by failing to compensate Correctional Officers on a daily basis for pre-shift and post-shift work time. Moreover, where such uncompensated work constituted overtime pay, Defendants failed to pay Plaintiffs and the Class the FLSA's mandated overtime premium.

36. In violation of the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## **COUNT II**
**(Alleging Violations of the FLSA on Behalf of Plaintiff and the Class for Failure to Provide a *Bona Fide* Meal Period)**

37. All previous paragraphs are incorporated as through fully set forth herein.

38. Plaintiff and those he seeks to represent are employees entitled to the FLSA's protections.

39. Defendants are employers covered by the FLSA.

40. The FLSA entitles employees to compensation for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

41. Under the FLSA, *bona fide* meal periods are not work time. *See* 29 C.F.R. 785.19.

42. *Bona fide* meal periods are "rest periods" when employees "must be completely relieved from duty for the purposes of eating regular meals." *See* 29 C.F.R. 785.19. "Ordinarily 30 minutes or more is long enough for a *bona fide* meal period." *Id.*

43. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half time" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

44. Plaintiff and those he seeks to represent have not received and do not receive *bona fide* meal periods as mandated by the FLSA. Accordingly, Defendants have unlawfully deducted 30 minutes of pay for each shift worked by Plaintiff and those he seeks to represent.

45. In violation of the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT III
### (Alleging Violations of the FLSA on Behalf of Plaintiff for Failure to Provide Compensatory Time in Accordance with § 207(o))

46. All previous paragraphs are incorporated as through fully set forth herein.

47. Plaintiff and those he seeks to represent are employees entitled to the FLSA's protections.

48. Defendants are employers covered by the FLSA.

49. The FLSA allows employees of public agencies, like Defendants, "to receive, … in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by [the FLSA]." *See* 29 U.S.C. § 207(o).

50. In defiance of the clear mandates of the FLSA, Defendants have failed to provide Plaintiff and those he seeks to represent with "compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required…" *Id.* Instead, Defendants have provided Plaintiff and those he seeks to represent with "compensatory time off" at their regular hourly rate.

51. In violation of the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT IV
### (Alleging Violations of the FLSA on Behalf of Plaintiff for Retaliation)

52. All previous paragraphs are incorporated as though fully set forth herein.

53. Under the FLSA, it is unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under the FLSA. *See* 29 U.S.C. § 215(a)(3).

54. Plaintiff notified Defendants, via an April 14, 2011 letter by undersigned counsel, of his intention to exercise his rights pursuant to the FLSA in this Court.

55. Approximately one week after Plaintiff notified Defendants of his intention to exercise his rights under the FLSA in this Court, Defendants initiated an investigation of Plaintiff and placed him on administrative leave.

56. Defendants' investigation into Plaintiff's employment and their placing him on administrative leave violated the FLSA because such action was taken by Defendants in retaliation for his exercising of his FLSA rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief on behalf of himself and all other similarly situated employees who opt in to this action:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential class members;

C. A declaration that Defendants have violated the FLSA;

D. A judgment against Defendants in favor of Plaintiffs and others similarly situated, for compensation for pre-shift and post-shift work, compensation for their unpaid meal break, and compensation for "compensable time" not provided by Defendants, at a rate not less than the applicable minimum wage as well as the amount of unpaid and under paid overtime that Defendants have failed and refused to pay in violation of the FLSA;

E. A judgment that Defendants' actions taken against Plaintiff constituted retaliation under the FLSA;

F. Back pay damages and prejudgment interest to the fullest extent permitted under the law;

G. Liquidated damages to the fullest extent permitted under the law;

H. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

I. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.

Dated: June 2, 2011                     Respectfully submitted,

/s/ David W. Garrison_____
**GEORGE E. BARRETT**
**DAVID W. GARRISON**
**SCOTT P. TIFT**
BARRETT JOHNSTON, LLC
217 Second Avenue North
Nashville, TN 37201
(615) 244-2202
gbarrett@barrettjohnston.com
dgarrison@barrettjohnston.com
stift@barrettjohnston.com