IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL F. MURPHY On behalf of HIMSELF and All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CASE NO. 3:11-0519<br>) JUDGE SHARP/KNOWLES |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE and DAVIDSON COUNTY SHERIFF'S OFFICE, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER**

This matter is before the Court upon Plaintiff's "Motion for Leave to File Second Amended Collective and Class Action Complaint." Docket No. 102. Plaintiff has filed a supporting Memorandum of Law.[1] Docket No. 103. Defendants have filed a Response in Opposition to the Motion (Docket No. 107), and Plaintiff has filed a Reply to Defendants' Response (Docket No. 108).

The current operative complaint in this action is Plaintiff's "First Amended Collective

---

[1] The same day, Plaintiff filed a "Notice of Correction to Previously Submitted Proposed Second Amended Collective and Class Action Complaint." Docket No. 104. The Notice states that paragraph 97 of the Proposed Second Amended Collective and Class Action Complaint attached to the Motion inadvertently used the word "Defendants," when Plaintiff intended to refer to "the FLSA Class Members."

Action Complaint." Docket No. 82. Defendants did not oppose the filing of the First Amended Complaint. Docket No. 79. The First Amended Complaint raises claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Plaintiff avers that Defendants operate five jails/detention facilities in Davidson County, employing approximately 575 non-management, uniformed officers holding the job titles of Correctional Officer, including Plaintiff. The Correctional Officers at four of the institutions are scheduled to work five, eight-and-a-half hour shifts. Correctional Officers at the other institution work twelve hour shifts. Plaintiff avers that, on a daily basis, Correctional Officers work a significant amount of time in excess of their scheduled shift. Plaintiff claims that the Correctional Officers perform routine and regular pre-shift work, for which they are not compensated. Plaintiff also avers that, while Correctional Officers are sometimes provided "compensatory time," Defendants provide that compensatory time based on a straight line time rate, rather than at a rate of one and one-half hours for each hour worked in excess of the regular work week.

In the instant Motion, Plaintiff characterizes the effects of his proposed amendments as follows:

> (1) more narrowly define the Fair Labor Standards Act ("FLSA") collective action claims at issue under 29 U.S.C. § 216(b); (2) drop Plaintiff's retaliation claim brought under 29 U.S.C. § 215(a)(3) of the FLSA; (3) add Fed. R. Civ. P. 23 class action claims under Tennessee state law to enforce wage rates that Defendants are legally bound to pay; (4) add Vonda Noel as an additional Named Plaintiff; and (5) remove Plaintiff's demand for a trial by jury.

Docket No. 102, p. 1.

Defendants' opposition to the instant Motion focuses solely upon Plaintiff's proposed amendments that would add state law claims for unjust enrichment and breach of contract.

2

Docket No. 107. For this reason, the instant Motion with regard to Plaintiff's proposed amendments will be granted.

With regard to the state law claims, Defendants argue that they do not share a common nucleus of operative fact with the pending FLSA claims. Defendants argue that the proposed state law claims center on whether Defendants have been paying their Correctional Officers at a rate different from that set forth in the Metro Pay Plan. Defendants further argue that the proposed state law claims raise "a novel or complex issue of state law . . . ." *See* 28 U.S.C. § 1367(c)(1). Defendants state:

> Central to Plaintiffs' proposed breach of contract and unjust enrichment claims is the premise that the Metro Pay Plan creates a contract or other obligation. Beyond that, Plaintiffs' proposed claims hinge on their interpretation of the Pay Plan, as well as their contention that they were somehow misled about their rate of pay. These are questions of state law, and these should be decided by state courts.

It can readily be seen that, while Defendants claim that the state law claims would present novel or complex issues of state law, Defendants make no real argument that such issues would be "novel or complex." Rather, Defendants argue solely that these are issues of state law, which should be decided by state courts. With due respect, however, 28 U.S.C. § 1367 simply does not so provide.

In his Reply, Plaintiff argues that, in order to adjudicate the FLSA and state law claims, the Court will have to determine how long Plaintiffs worked and what hourly rates Defendants were legally obligated to pay them. Plaintiff cites deposition testimony for the proposition that there is no dispute, under the Metro Charter, that Defendants are bound to compensate their Correctional Officers in accordance with the Metro Pay Plan and that the Davidson County

3

Sheriff's Office has no power to disregard the Pay Plan. Docket No. 108, p. 2. Additionally, Plaintiffs face a significant risk of inconsistent results if they are forced to try their state law claims in a different court.

For the foregoing reasons, the instant Motion (Docket No. 102) is GRANTED in its entirety. Plaintiff shall file the Second Amended Collective and Class Action Complaint within ten (10) days of the date of entry of this Order.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge