UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| VONDA NOEL, On Behalf of HERSELF and All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE | ) ) ) ) |
| Defendant. | ) ) ) |

CLASS AND COLLECTIVE ACTION
CASE NO. 3:11-cv-519

JUDGE SHARP
MAGISTRATE JUDGE KNOWLES

**ORDER**

Pending before the Court is Plaintiff Vonda Noel's Motion for Class Certification (Doc. No. 120.) Defendant does not oppose Plaintiff's Motion. (Doc. No. 126.) Accordingly, and for the reasons discussed below, Plaintiff's Motion is GRANTED.

**I. Class Certification Standard**

"The principal purpose of class actions is to achieve efficiency and economy of litigation, with respect to both the parties and the courts." *City of Goodlettsville v. Priceline.com, Inc.*, 267 F.R.D. 523, 528 (M.D. Tenn. 2010) (Trauger, J.) (citing *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 159 (1982)). A class action is able to achieve such efficiency because it "concentrates the litigation in one forum and avoids inconsistent adjudications." *Garden City Employees' Ret. Sys. v. Cent. States, Se. & Sw. Areas Pension Fund*, 3:09-00882, 2012 WL 1071281, at *33 (M.D. Tenn. Mar. 29, 2012).

Given the importance of judicial efficiency in this process, Rule 23 confers "substantial discretion" on the trial court to decide whether to certify and how to manage a proposed class. *Reeb v. Ohio Dep't of Rehab. & Corr.*, 435 F.3d 639, 643 (6th Cir. 2006). Such discretion,

1

however, is still subject to the requirements of Rule 23. *Priceline.com*, 267 F.R.D. at 528 ("A district court has broad discretion in deciding whether to certify a class, although it must exercise that discretion within the framework of Rule 23.").

Accordingly, before a court can certify a proposed class, the plaintiff(s) must satisfy all four of the Rule 23(a) prerequisites ― (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation ― and *any* one of the Rule 23(b) categories. However, because the plaintiff in this case is seeking money damages for unpaid work, the Supreme Court has suggested that Rule 23(b)(3) ― *i.e.*, common questions of law or fact prevailing over questions affecting only individual members ― is the appropriate category to consider.

## II. Rule 23(a) Requirements

Plaintiff meets all four prerequisites of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation.

### A. Numerosity

Plaintiff's proposed class will contain more than 574 members. As Plaintiff notes in the Third Amended Complaint, Defendant has already produced a list of all correctional officers who worked for the Davidson County Sheriff's Office between June 2, 2008 and January 27, 2012. (Doc. No. 118, 3d Amended Compl. ¶ 81.) That list contained the names 574 individuals, 240 of whom have since opted into Plaintiff's pending FLSA collective action.[1] (*Id.*)

Since all of these individuals have allegedly been subjected to the same policy of underpayment that Defendant imposed on Plaintiff Noel, all of them have similar, if not

---

[1] Class actions under Rule 23(b) are "opt-out" actions, as compared to FLSA collective actions, which require interested potential plaintiffs to "opt-in." Given this procedural difference, it is reasonable to expect a significantly higher percentage of the putative Rule 23 class members to proceed as certified Rule 23 class members, versus the 240 who affirmatively opted in to the FLSA collective action.

2

identical, claims for breach of contract and unjust enrichment under Tennessee law. Furthermore, because the applicable statute of limitations is considerably longer for these contract and unjust enrichment claims than for the FLSA claims, the size of the putative class will exceed the 574 correctional officers identified as having worked for Defendant between June 2, 2008 and January 27, 2012.

Accordingly, the putative class is sufficiently numerous to satisfy Rule 23(a)(1).

**B.     Commonality**

Under Rule 23(a), the plaintiff must also show that there are "questions of law or fact common to all class members."

Plaintiff Noel meets this commonality requirement because the *only* question to be resolved ― whether Defendant is required to pay the hourly rates set forth in the Pay Plan ― is common to all putative class members.

**C.     Typicality**

The "typicality" prerequisite of Rule 23(a)(3) requires the named plaintiff to show that the "claims or defenses of the representative parties are typical of the claims or defenses of the class."

Here, the claims asserted by Plaintiff Noel are not just "typical" of the claims of the other class members; they are virtually identical. Like all class members, Plaintiff Noel alleges that she was paid an hourly rate less than the rate mandated by the Metro Pay Plan.

As a result, Plaintiff Noel's asserted injuries and the asserted injuries of the class all arise from the exact same course of conduct. Therefore, to obtain redress for those injuries, Plaintiff Noel and the class will be required to prove the exact same set of facts and circumstances. This

3

need for common proof, to demonstrate a common course of conduct by Defendant, clearly satisfies Plaintiff's typicality burden.

**D.     Adequacy**

Plaintiff also satisfies the final prerequisite under Rule 23(a), that Plaintiff will fairly and adequately represent the Class. Plaintiff Noel does not have any interests antagonistic to those of the Class, and Plaintiff's counsel has significant experience in prosecuting class actions such as this one.

### 1.     Plaintiff Has Common Interests with the Unnamed Class Members

To satisfy the first part of this adequacy test, a plaintiff need not have interests identical to those of the class. *Rosiles-Perez v. Superior Forestry Serv., Inc.*, 250 F.R.D. 332, 342 (M.D. Tenn. 2008) ("Absolute identity of claims among class members . . . is not required."); *Winnet v. Caterpillar, Inc.*, No. 3:06-cv-00235, 2007 WL 2044098, at *8 (M.D. Tenn. July 12, 2007) (finding representatives have common interests where defendant fails to establish antagonism or conflict between the representative and the class). Instead, it is enough that the named plaintiff and the class share common objectives and are united in the relief that they seek. *Int'l Union, United Automobile, Aerospace, & Agr. Implement Workers of Am. v. Chrysler LLC*, 07-CV-14310, 2008 WL 2980046, at *19 (E.D. Mich. July 31, 2008) ("factual variations among class members do not defeat adequacy where they are united in seeking relief on behalf of the class") (internal citation omitted).

Here, Plaintiff Noel, like all other class members, claims to have been substantially and systemically underpaid as a result of Defendant's failure to follow the Metro Pay Plan. Therefore, to obtain relief for herself, Plaintiff Noel will have to establish Defendant's liability to all of the other class members. *See Senter v. General Motors Corp.*, 532 F.2d 511, 525 (6th Cir.

4

1976) (noting that a plaintiff will adequately represent the class where interests are coextensive with those of the class on all issues which relate to the class). Thus, Plaintiff Noel has common interests with the unnamed class members.

> **2. Plaintiff Will Vigorously Pursue the Interests of the Class through Experienced Class Counsel**

The second element of the "adequacy" prerequisite under Rule 23(a)(4) is also satisfied here. Plaintiff has retained counsel who are experienced in complex class litigation such as this case, and are therefore well qualified to prosecute this action. *See In re Am. Med. Systems, Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996) (noting that Rule 23(a)(4) tests experience and ability of plaintiff's counsel). As set forth in Barrett Johnston, LLC's firm resume, which Plaintiff attached as an exhibit to her Memorandum in Support of Class Certification (Doc. No. 121-9.), Barrett Johnston has been appointed lead or class counsel in numerous complex class actions across the country, including numerous cases in the Sixth Circuit and this District. *See Geier v. Sundquist*, 372 F.3d 784, 791-92 (6th Cir. 2004); *Castillo v. Envoy Corp.,* 206 F.R.D. 464, 473 n.3 (M.D. Tenn. 2002); *Craft v. Vanderbilt*, 174 F.R.D. 396, 406 (M.D. Tenn. 1996).

For these reasons, and for all the reasons discussed above, Plaintiff Noel's interests are aligned with the class, making her an adequate representative of that class.

### III. Rule 23(b)(3) Requirements

In addition to satisfying the "prerequisites" of Rule 23(a), a plaintiff seeking certification of a class for money damages must typically prove, pursuant to Rule 23(b)(3), that the questions of law and fact common to the class "predominate over any questions affecting only individual members," and that the class action mechanism is "superior to other available methods for fairly and efficiently adjudicating the controversy."

As the Supreme Court noted in *Amchem Products, Inc. v. Windsor*, this rule is meant to test whether proposed classes are "sufficiently cohesive to warrant adjudication by representation" and will often hinge on whether the proposed class is likely to lead to "economies of time, effort, and expense." 521 U.S. 591, 615, 623 (1997). In making such determinations, courts are instructed to consider four factors, no one of which is necessarily dispositive: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3). From the facts and allegations on record, Plaintiff Noel satisfies both the "predominance" and the "superiority" prongs of this test.

Regarding predominance, the Sixth Circuit has explained that a plaintiff has the burden of establishing "that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." *Randleman v. Fidelity Nat. Title Ins. Co.*, 646 F.3d 347, 352-53 (6th Cir. 2011). With respect to the present proposed class, the single, overarching issue is whether Defendant was legally obligated to pay its correctional officers, including Plaintiff Noel, at the Metro Pay Plan's hourly, rather than yearly, rates. Because this issue involves a question of policy and contract interpretation, it is necessarily an issue subject to generalized proof. Furthermore, since there does not appear to be any dispute that the Metro Pay Plan applies to Defendant's correctional officers or that Defendant pays its correctional officers at lower hourly rates than the Metro Pay Plan's listed hourly rates, the Court's interpretation of Defendant's obligations under the Metro Pay Plan will be dispositive on the question of breach of contract/unjust enrichment for all class members.

Nor does it matter that there will be less than perfect overlap between the opt-in FLSA plaintiffs and the Rule 23 class members in this litigation. As several courts in this circuit have noted, combining FLSA and common law breach of contract/unjust enrichment claims often makes sense for reasons of judicial economy and efficient litigation, and does not undermine Rule 23(b)(3) predominance. *See Laichev v. JBM, Inc.* 269 F.R.D. 633, 636 (S.D. Ohio 2008); *see also Peterson v. Cleveland Inst. of Art,* 1:08 CV 1217, 2011 WL 1297097, at *3 (N.D. Ohio Mar. 31, 2011); *Monahan v. Smyth Auto., Inc.*, No. 1:10–CV–00048, 2011 WL 379129, at *11 (S.D. Ohio Feb. 2, 2011).

Here, considerations of efficiency and judicial economy weigh particularly heavily in favor of class certification. The parties have already conducted extensive discovery, most or perhaps all of which is relevant both to Plaintiff's FLSA and common law claims. If Plaintiff Noel and other class members were required to pursue their claims separately, or to file a parallel class action in Tennessee state court for breach of contract or unjust enrichment, the parties would be required to engage in duplicative discovery.

For the same reason, factors (B) and (D) of Rule 23(b)(3) support a finding of predominance and superiority. Because of the substantial overlap between the pending FLSA collective action and the present class action ― in terms of class members and FLSA collective action plaintiffs, evidence, necessary witnesses, etc . . . ― there will be no practical difficulty in managing the proposed class action.

For all of these reasons, common issues between the proposed class members clearly predominate over individual ones, and the class action mechanism is a superior mechanism for resolving class members' common law breach of contract and unjust enrichment claims.

7

**IV. Conclusion**

For the reasons set forth above, Plaintiff has satisfied her requirements under Fed. R. Civ. P. 23(a) and 23(b)(3), and the Court hereby GRANTS her motion for class certification. Accordingly, the Court certifies the following class:

> All Correctional Officers who have been or were employed by the Metropolitan Government of Nashville and Davidson County, Tennessee and/or the Davidson County Sheriff's Office since July 18, 2006 who are/were paid at lower hourly rates than the hourly rates set forth for Correctional Officers by the Metro Pay Plan.

The Court further designates Vonda Noel as Class Representative, again for the reasons set forth above, and appoints Barrett Johnston, LLC as Class Counsel.

Further, the parties are directed to confer in a good faith effort to formulate a proposed form of Notice to the Class which incorporates the requirements of Fed. R. Civ. P. 23(c)(2) and reach an agreement as to the best method for notice, subject to this Court's approval. In the event that the parties are unable to agree upon the form or method of Notice, Plaintiff shall file her proposed Notice to the Class, and Defendant will be given an opportunity to voice any objection to the same. Regardless of whether the parties agree on the form and method of Notice or not, such proposed form and method of Notice shall be submitted to this Court for approval no later than 14 days from the entry of this Order.

IT IS SO ORDERED

*/s/ Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE