MOTION GRANTED
Kevin H. Sharp

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| VONDA NOEL, On behalf of HERSELF and All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | CLASS AND COLLECTIVE ACTION |
| v. | ) ) ) | CASE NO. 11-cv-519 |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, | ) ) ) ) | JUDGE SHARP MAGISTRATE JUDGE KNOWLES |
| Defendant. | ) | |

## DEFENDANT'S UNOPPOSED MOTION TO SUBSTITUTE DECLARATION OF SHARON McGEE

Defendant, the Metropolitan Government of Nashville of Davidson County ("Defendant"), requests permission to substitute the attached proposed substituted declaration for the Declaration of Sharon McGee, which is presently filed as Docket Entry # 217. Plaintiffs correctly point out in their Response to the Metropolitan Government's Motion for Summary Judgment that Ms. McGee's declaration does not technically comply with 28 U.S.C. § 1746(2) because it does not include a date of execution. (Docket Entry # 223 at 8, n 4.) The attached Declaration includes a date of execution, thereby satisfying the statutory requirements.

Defendant's proposed substituted declaration should be permitted because the Sixth Circuit has held that "the absence of a date on [documents otherwise compliant with § 1746] does not render them invalid if extrinsic evidence could demonstrate the period when the document was signed." *Peters v. Lincoln Electric Company*, 285 F.3d