IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| VONDA NOEL, On behalf of HERSELF and All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) ) ) ) | CLASS AND COLLECTIVE ACTION CASE NO. 3:11-0519 |
| vs. | ) ) ) | JUDGE SHARP/KNOWLES |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE | ) ) ) ) ) | |
| Defendant. | ) | |

# ORDER

The undersigned held a telephone conference call with counsel for the parties on October 21, 2014, which was recessed and resumed on October 28, 2014. The parties had a discovery dispute regarding the production of certain documents by Defendant relating to a calculation of updated potential damages.

Plaintiff argued that similar material had previously been produced and that it was relevant to the calculation of Plaintiff's potential damages. Defendant argued that a footnote in a Memorandum Opinion entered by Judge Sharp had foreclosed the possibility that Plaintiff could recover the damages at issue. That footnote states:

> The Court notes that Noel appears to concede that the changes Metro made to the 2014 Pay Plan have solved the problem on which Noel premises her claim, at least on a go-forward basis. (*See* Docket No. 203 at 37 (stating that "Metro could have designated the annual rate as controlling, but chose not to do so

until July 2013")).

Docket No. 245, p. 10 n.4.

During the first telephone conference call, Metro took the position that it did not object to producing documents regarding the updated potential damages, but Metro argued that it did not wish to expend funds for its expert to address this issue because, according to Metro, Judge Sharp's footnote quoted above had foreclosed the possibility of Plaintiff's recovery of those damages. The Court understands that Metro has produced some or all of the documents at issue, but that Metro still takes the position that these damages are foreclosed.

The Court agrees with Plaintiff. Footnote 4 quoted above does not purport to make any ruling with regard to whether such damages are recoverable. At most, the footnote states that Plaintiff Noel "appears to concede" that the problem was solved on a go-forward basis. The footnote does not even state that Plaintiff made such a concession or, if she did, what the impact of that concession was. The footnote at issue is not a "holding," and the matters discussed therein are not relevant to Judge Sharp's rulings on the parties' summary judgment motions.

For the foregoing reasons, Metro shall produce the documents at issue, and Plaintiff may have her expert(s) consider those documents in calculating potential updated damages.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge