UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NOEL, VONDA, On Behalf of HERSELF and All Others Similarly Situated, )<br><br>    *Plaintiff*, )<br><br>v. )<br><br>METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, )<br><br>    *Defendant*. ) | CLASS AND COLLECTIVE ACTION<br><br>CASE NO. 3:11-cv-519<br><br>JUDGE SHARP<br>MAGISTRATE JUDGE KNOWLES |

**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiff Vonda Noel ("Plaintiff") respectfully moves the Court for final approval of the proposed settlement of the breach of contract and unjust enrichment claims she asserted on a class-wide basis in this litigation on behalf of a class of current and former correctional officers on the terms set forth in the Rule 23 Class Action Settlement Agreement and Release (the "Settlement"), previously filed with the Court. (Doc. No. 480, Ex. 1). Pursuant to the Settlement, Defendant Metropolitan Government of Nashville and Davidson County, Tennessee ("Defendant") does not oppose this Motion. *(Id.)*.

Previously, Plaintiff filed an unopposed motion for approval of a FLSA Settlement Agreement and Release, which, if approved, will resolve the collective claims Plaintiff has asserted pursuant to the Fair Labor Standards Act ("FLSA") and supplemental state laws on behalf of all individuals who joined in those claims pursuant to 29 U.S.C. § 216(b). (Doc. No. 473). These settlement agreements cover separate claims that are based on separate and distinct allegations, and

1

the agreements were negotiated separately. Approval of both of these settlement agreements would resolve this entire class and collective action.

As discussed more fully in the accompanying Memorandum in Support of this Motion, Plaintiff's Rule 23 breach of contract and unjust enrichment claims sought unpaid wages for correctional officers based on the allegation that Metro had not paid correctional officers at the hourly rates set forth in the Metro Pay Plan. These claims are distinct from Plaintiff's FLSA and state law collective claims, which sought unpaid wages for similarly situated correctional officers for time spent working after the end of their shifts, between when their pay ended, and when "count cleared," as determined by Defendant's records.

As explained in detail in Plaintiff's contemporaneously filed Memorandum in Support, the Settlement, which provides for the payment of $1,900,000 into a common fund to benefit the class ("Settlement Fund") is more than fair, adequate, and reasonable and should be approved by the Court. This Rule 23 Settlement was the result of lengthy, arm's-length negotiations between the parties, with assistance from Bob Boston and the Hon. Judge Patricia J. Cottrell (Ret.), who served as mediators in this matter. (*See* Doc. No. 476, ¶ 4). The parties also previously agreed to settle Plaintiff's claims brought under FLSA – a settlement that was reached in 2013. That separate settlement provides for payment of $45,000 to opt-in Plaintiffs, $2,000 as a service payment to the Named Plaintiff, and $150,000 for Plaintiff's attorneys' fees and expenses related to the pursuit of the FLSA claims. *See* previously filed Declaration of Mark C. Travis (Doc. No. 475, ¶ 4). In total, the settlements resolving this class and collective action require the payment of $2.1 million, which the *Tennessean* reported represents one of the largest settlements in Metro Government's history. (*See* Doc. No. 481-1).

Additionally, pursuant to Fed. R. Civ. P. 23(g) and 54(d)(2) and Local Rule 54.01(b), and in accordance with the Settlement, Class Counsel, who prosecuted this action on a contingency basis

2

Case 3:11-cv-00519   Document 484   Filed 09/06/16   Page 2 of 5 PageID #: 9108

and advanced or incurred all litigation expenses, applies to the Court for approval of $633,333.33, equal to thirty-three and one-third percent (33.33%) of the Settlement Fund, for payment of their fees ("Fee Request") and $84,908.83 in expenses incurred in pursuit of Plaintiff's Rule 23 claims. Defendants have agreed not to oppose Court approval of Class Counsel's Fee Request. The Fee Request is entirely justified in light of the substantial benefits conferred on the Class, public policy considerations, the risks undertaken, the quality of representation, the nature and extent of legal services performed, and the lack of objections by Class Members. Awarding the fee on the percentage-of-the-recovery basis is the appropriate method of compensating counsel in this case, and the requested fee is well within the range of percentages awarded in class actions in this District, Circuit, and across the country, including in cases just like this one.

Finally, Plaintiff and Class Counsel also request that this Court approve service awards to Named Plaintiff Vonda Noel, former Named Plaintiff Michael Murphy, and the 19 class members who gave depositions, responded to extensive written discovery, offered declarations, and attended and/or testified at the trial of this matter. As detailed in the contemporaneously filed Memorandum in Support and the Supplemental Declaration of David W. Garrison, the service payments are warranted and well within the range of what has been approved by this Court and other district courts in this Circuit.

In support of this Motion and Application, Plaintiff and Class Counsel rely on the following documents, which are filed contemporaneously herewith, as well as the entire record in this matter:

1. Memorandum of Law in Support of Plaintiff's Unopposed Motion for Final Approval of Settlement and Class Counsel's Application for an Award of Attorneys' Fees and Expenses;

2. Supplemental Declaration of David G. Garrison; and

3

3. Declaration of Melissa E. Baldwin.[1]

Plaintiff and Class Counsel respectfully request the Court approve both the Settlement and Fee Request. A [Proposed] Order and Final Judgment is filed contemporaneously herewith.

Dated: September 6, 2016

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**SCOTT P. TIFT (No. 27592)**
**SETH M. HYATT (No. 31171)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
stift@barrettjohnston.com
shyatt@barrettjohnston.com

---

[1] Melissa Baldwin is the Director of Claims Administration for RG/2 Claims Administration, LLC, the claims administrator for the Settlement.

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and exact copy of the foregoing *Plaintiff's Unopposed Motion for Final Approval of Settlement and Class Counsel's Application for an Award of Attorneys' Fees and Expenses* was filed electronically with the Clerk's office by using the CM/ECF system and was served electronically upon the following on September 6, 2016:

Allison S. Bussell
Klein Bussell, PLLC
814 Church Street, Suite 202
Nashville, TN 37203
allison.bussell@thekleinlawoffice.com

Christopher M. Lackey
R. Alex Dickerson
Metropolitan Department of Law
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, TN 37219-6300
chris.lackey@nashville.gov
alex.dickerson@nashville.gov

                                      /s/ David W. Garrison
                                      DAVID W. GARRISON
                                      **BARRETT JOHNSTON**
                                            **MARTIN & GARRISON, LLC**