# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NOEL, VONDA, On Behalf of HERSELF and All Others Similarly Situated, | )<br>)<br>) |
| *Plaintiff*, | ) CLASS AND COLLECTIVE<br>) ACTION |
| v. | )<br>) CASE NO. 3:11-cv-519 |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, | )<br>) JUDGE SHARP<br>) MAGISTRATE JUDGE KNOWLES |
| *Defendant*. | )<br>)<br>) |

## SUPPLEMENTAL DECLARATION OF DAVID W. GARRISON

I, David W. Garrison, under penalty of perjury and pursuant to 28 U.S.C. § 1746, do hereby declare as follows:

1. I am a partner of the law firm of Barrett Johnston Martin & Garrison, LLC ("BJMG") that was appointed by the Court as Class Counsel to represent Plaintiff Vonda Noel ("Plaintiff" or "Ms. Noel") and the Rule 23 certified class in this matter. (Doc. No 139). I have personal knowledge of the matters set forth herein based on my active supervision and participation in the prosecution and resolution of this action.

2. I submit this supplemental declaration in support of Plaintiff's motion for final approval of settlement and Class Counsel's application for an award of attorneys' fees and expenses. More specifically, I submit this declaration as to the reasonableness of the requested service awards and in further support of Class Counsel's Fee Request.

1

### A. The Significant Time and Energy Devoted by the Named Plaintiffs and Participating Plaintiff Class Members

3. Plaintiff and Class Counsel are requesting that this Court award the following in service payments:

- $10,000 to Named Plaintiff Vonda Noel;

- $2,500 to former Named Plaintiff Michael Murphy;

- $1,000 each to DeQuan Adams, Willie Anderson, Jr., Curtis Barnes, Adam Boyd, Keith Brown, Careese Cannon, Vincent Carr, Xaviere Cunningham, Geoffrey Hampton, Shaun Hennekam, Michael Hunter, Tonya Lawrence, LeRonce Mitchell, Micah Nowack, Antoine Smith, Deidre Taylor, Tanisha Wells, Warren Wilke and Adrean Williams.

4. Each of these Named Plaintiffs and participating plaintiff Class Members spent significant time and energy to ensure that this class action succeeded through discovery, extensive briefing, trial, and mediation.

5. Vonda Noel has served as a Named Plaintiff in this class action litigation for more than four years, since August 20, 2012. (Doc. No. 111). As a current employee of Defendant for most of that time period, Ms. Noel took on significant personal sacrifice to ensure that this class action succeeded. Ms. Noel participated in lengthy meetings with Class Counsel on nearly a dozen occasions. She gave a deposition in the case, offered a detailed declaration in support of class certification in the FLSA action, and represented the class at the jury trial of this matter, which lasted for more than a week. In addition, Ms. Noel represented the class in three lengthy mediations with three different mediators – each one lasting all or most of one of her week days. Class Counsel's billing records indicate that Ms. Noel spent more than 83 hours in activities associated with this litigation – records which could not possibly capture all of the time Ms. Noel spent on this matter in her role as Named Plaintiff. This class action certainly would not have succeeded through trial and to an outstanding settlement without Ms. Noel's service in the role of Named Plaintiff.

6.     Michael Murphy was the initial Named Plaintiff, serving in that role from June 2, 2011, when this action was filed, to August 28, 2012. Mr. Murphy was unable to serve as Named Plaintiff because he moved out of state, and was no longer able to fulfill the time-consuming role of Named Plaintiff in this action. While he was a Named Plaintiff, Mr. Murphy met with Class Counsel on several occasions, and provided the information necessary to commence this litigation. Mr. Murphy provided deposition testimony, responded to significant written discovery, and provided a declaration in support of a motion for conditional class certification. Class Counsel's billing records indicate that Mr. Murphy spent more that 13 hours of recorded time on tasks associated with this litigation, though these records do not capture all of the time Mr. Murphy in his role as Named Plaintiff in this matter.

7.     DeQuan Adams, Willie Anderson, Jr., Curtis Barnes, Adam Boyd, Keith Brown, Careese Cannon, Vincent Carr, Xaviere Cunningham, Geoffrey Hampton, Shaun Hennekam, Michael Hunter, Tonya Lawrence, LeRonce Mitchell, Micah Nowack, Antoine Smith, Deidre Taylor, Tanisha Wells, Warren Wilke, and Adrean Williams all assumed significant roles in and spent considerable time on the advancement of this litigation. Class Counsel's billing records indicate that these participating class members spent the following hours in their efforts to advance this litigation, through giving depositions, responding to written discovery, offering declarations, and/or participating in trial: Mr. Adams = 9.5; Mr. Anderson = 4.4; Mr. Barnes = 4.8; Mr. Boyd = 11.3; Mr. Brown = 6.1; Ms. Cannon = 5.2; Mr. Carr = 5.1; Ms. Cunningham = 8; Mr. Hampton = 4.2; Ms. Hennekam = 8; Mr. Hunter = 6.4; Ms. Lawrence = 4.9; Mr. Mitchell = 4.6; Mr. Nowack = 3.8; Mr. Smith = 2.3; Ms. Taylor = 3.8; Ms. Wells = 4.5; Mr. Wilke = 9.9; and Mr. Williams = 6. Of course, these billing records could not possibly capture all of the time these participating Class Members spent on this litigation. They all provided depositions and responded to significant written discovery. Mr. Boyd, Ms. Cunningham, and Mr. Wilke each testified at the jury trial of this matter.

Mr. Adams and Ms. Hennekam attended trial, and were prepared to testify, though they were not called as witnesses. Mr. Carr, Ms. Taylor, and Ms. Wells each offered critical declarations in support of the motion for conditional certification of the FLSA class. In summary, these participating plaintiff class members spent considerable time and energy on the advancement of this litigation, ensuring its success.

      **B.    Class Counsel's Extensive Work in this Action**

8. Class Counsel undertook this litigation on a contingency fee basis. During the past five-plus years of litigating this case, Class Counsel have not been paid for any of the work that they have performed. This uncompensated work has been substantial, and achieved outstanding results.

9. The unpaid work related just to the Rule 23 Settlement in this matter (not including work related to the FLSA claims in this action), to date, includes: (1) interviewing witnesses and selecting class representatives or named plaintiffs; (2) amending the complaint to add the Rule 23 claims as well as amending the complaint to more narrowly tailor these claims; (3) defeating Defendant's Response in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint, adding the Rule 23 claims (Doc. No. 110); (4) obtaining class action certification; (5) preparing and overseeing notice on to approximately one thousand class members; (6) engaging in extensive written discovery; (7) reviewing thousands of pages of documents; (8) preparing for and defending more than 30 depositions; (9) preparing for and taking multiple Rule(30)(b)(6) depositions; (10) engaging in a vigorous motions practice, including discovery motions and motions for summary judgment; (11) all trial preparation work, including drafting and exchanging jury instructions, witness lists, exhibit lists, motions *in limine*, verdict forms, and damages briefs; (12) leading the jury trial of this matter for more than a week, culminating in a verdict in the Class's favor finding that the Defendant was unjustly enriched as a result of engaging in the challenged pay practice; (13) leading the months-long negotiations, including formal mediation, following trial; (14)

4

drafting the proposed class settlement agreement; and (15) briefing the preliminary and final approval of the Rule 23 settlement of this matter.

10. In the more than 3 years since the FLSA settlement was reached in July 2013, Class Counsel incurred $905,937.54 in attorneys' fees on work related solely to litigating the Rule 23 class claims from the time the FLSA settlement was reached to the time Plaintiff moved for preliminary approval of the Rule 23 Settlement in this matter. (Doc. No. 481). This amount does not include any work performed by Class Counsel during the Rule 23 settlement notice process, nor does it include any work performed by Class Counsel in the briefing of final approval of the Rule 23 Settlement. This amount also does not include the work performed on Plaintiff's FLSA claim. Accordingly, the fees Plaintiff intends to petition for at the final approval stage of this settlement approval process will represent approximately a 30% reduction in Class Counsel's lodestar related to work on the Rule 23 claims.

I declare under penalty of perjury the foregoing is true and correct.

Executed this 6th day of September, 2016.

_____
DAVID W. GARRISON

5

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and exact copy of the foregoing *Supplemental Declaration of David W. Garrison* was filed electronically with the Clerk's office by using the CM/ECF system and was served electronically upon the following on September 6, 2016:

 Allison S. Bussell
 Klein Bussell, PLLC
 814 Church Street, Suite 202
 Nashville, TN 37203
 allison.bussell@thekleinlawoffice.com

 Christopher M. Lackey
 R. Alex Dickerson
 Metropolitan Department of Law
 108 Metropolitan Courthouse
 P.O. Box 196300
 Nashville, TN 37219-6300
 chris.lackey@nashville.gov
 alex.dickerson@nashville.gov

          /s/ David W. Garrison
          DAVID W. GARRISON
          **BARRETT JOHNSTON**
           **MARTIN & GARRISON, LLC**