# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NOEL, VONDA, On behalf of HERSELF and All Others Similarly Situated,<br><br>               Plaintiff,<br><br>      v.<br><br>METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE,<br><br>               Defendant. | CLASS AND COLLECTIVE ACTION<br><br>CASE NO. 3:11-cv-519<br><br>JUDGE SHARP<br>MAGISTRATE JUDGE KNOWLES |

## DECLARATION OF MELISSA E. BALDWIN

1. My name is Melissa E. Baldwin, and I am over the age of eighteen (18) years. I make this declaration under the penalty of perjury, free and voluntarily, under no coercion, threat, or intimidation, and without promise of benefit or reward, based on my own personal knowledge. If called to testify, I could and would testify consistent with the matters stated herein.

2. I am the Director of Claims Administration for RG/2 Claims Administration LLC ("RG/2 Claims"), the independent third-party settlement administrator retained as Settlement Administrator to handle various settlement administration activities in the above-referenced matter, including mailing of settlement notification packages to Class Members.

3. RG/2 Claims is a full service class action settlement administrator offering notice, claims processing, allocation, distribution, tax reporting, and class action settlement consulting services. RG/2 Claims' experience includes the provision of notice and administration services for settlements arising from antitrust, consumer fraud, civil rights, employment, negligent disclosure, and securities fraud allegations. Since 2000, RG/2 Claims has administered and distributed in excess of $850,000,000.00 in class action settlement proceeds.

4.     I have been actively involved and responsible for handling the administration of the Settlement of the above-referenced matter.

5.     On June 3, 3016, RG/2 Claim received an electronic file, from Plaintiffs' Counsel, which contained the Class data with any address changes recorded by Plaintiffs' Counsel since the initial Class Action notice mailing, and denoting the FLSA Class Members. Also, on June 3, 2016, RG/2 Claims received the listing of the previously opted-out individuals from the initial Class Action notice mailing.

6.     On June 6, 2016, RG/2 Claims received a disc, from Plaintiffs' Counsel which was produced by the Defendant, containing a file of the names, known contact information, employee IDs and Social Security Numbers for the 972 present and former employees of Defendant, who were employed as Correctional Officers (CO1, CO2 and CO3) from July 18, 2006 through May 16, 2015 and who were identified as Class Members.

7.     RG/2 Claims compared the data from Plaintiffs' Counsel and from the Defendant. Where the Class Member's address was the same on both listings, only one record for the Class Member was kept. For Class Members that had conflicting addresses, both records were kept. This file was processed through the United States Postal Service's National Change of Address ("NCOA") database. If a new address was located, the Class Member's record was updated. The list was then compared again, and duplicative records were removed and records with conflicting addresses remained to that the Class Member would be sent Notice to both addresses. Upon completion of this process, 1,120 records were identified to receive Notice – of which 214 were unique Opt In Class Members and 758 were unique non-Opt In Class Members.

8.     On June 17, 2016, RG/2 Claims caused to be served by First Class U.S. Mail the *Class Notice* and *Class Action Settlement Claim Form* (referred to as the "Non-Opt In Notice Packets") to the 758 non-Opt In Class Members at 866 different addresses, and the *Class Notice, Notice of Settlement of Off-the-Clock Claims,* and *Class Action Settlement Claim Form* (referred to as the "Opt In Notice Packets") to the 214 Opt In Class Members at 254 different addresses. Each Notice Packet was mailed in an envelope denoting the case name and number, and a "Settlement Notice Enclosed" notation. Each packet also contained a self-addressed, postage

pre-paid return envelope. True and correct copies of the Non-Opt In Notice Packet and the Opt In Notice Packet are attached hereto as Exhibit "A-1" and Exhibit "A-2" respectively.

9.     Through September 2, 2016, 155 Notice Packets were returned by the United States Postal Service ("USPS") as undeliverable. Of the 155, six Notice Packets were returned with forwarding addresses provided by the USPS. Additionally, RG/2 Claims performed address searches for the remaining 149 Notice Packets returned as undeliverable and was able to locate new addresses for 120 of the returned Notice Packets. New Notice Packets were re-mailed to 126 Class Members. Ultimately, the 29 Notice Packets that were returned and for which no new address was located only represented 12 unique Class Members who have not submitted valid Claim Forms. Stated otherwise, 97.41% of the 1,120 Notice Packets have not been returned as undeliverable and presumed to be successfully delivered to the eligible Class Member, and 2.59% have been returned and deemed unsuccessfully delivered.

10.     As of September 2, 2016, RG/2 Claims has received 607 Claim Forms. This represents 62.45% of the Settlement Class. Of the 607 valid Claims received, 406 Claims were filed by Non-Opt In Class Members and 201 Claims were filed by Opt In Class Member. The Claims filing deadline expired on September 26, 2016.

11.     As of September 2, 2016, RG/2 Claims has not received any requests for exclusion from the Settlement.

12.     As of September 2, 2016, RG/2 Claims has not received any objections to the Settlement.

13.     RG/2 Claims has incurred fees and costs associated with the Settlement Administration thus far, and will incur additional costs for distribution, calculating tax payments, and responding to inquiries. RG/2 Claims estimates the total cost of the administration as $19,976. In my experience, this amount is reasonable and expected based on the requested services which RG/2 provided.

I further declare under penalty of perjury pursuant to the laws of the State of Pennsylvania that the above is true and correct and that this declaration was executed on September 6, 2016 at Philadelphia, Pennsylvania.

By: _Melissa E. Baldwin_
Melissa E. Baldwin, Declarant

# EXHIBIT A-1

# You are entitled to a settlement payment as a member of a class of Correctional Officers who worked for the Davidson County Sheriff's Office between July 18, 2006 and May 16, 2015.

*A federal court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

**Your legal rights may be affected *whether or not you act*. READ THIS NOTICE CAREFULLY.**

- The proposed class action settlement is for $1,900,000. The majority of this amount will be used to make payments to former and current Metro Correctional Officers **who submit a Claim Form**.

- The class action settlement resolves claims that Metro paid its Correctional Officers (CO1, CO2, and CO3) less than the Metro Pay Plan required Metro to pay them for regularly scheduled work.

- The lawyers who were approved by the Court to represent the class of correctional officers will ask the Court for 33% (or $633,333.33) of the $1,900,000 settlement amount to pay for their fees associated with the class claims. The lawyers will also ask the Court for reimbursement of the $84,908.83 in expenses that they have spent on this case to advance the class claims. The lawyers have not been paid anything yet, and will not be paid unless the employees obtain a recovery.

- The two sides disagree as to whether Metro violated the law and disagree as to the value of the employees' class claims. However, in light of the risk and expense of proceeding with litigation, Metro, the Class Representative, and Class Counsel for the Plaintiffs all believe this is a fair settlement of the class claims.

**TO RECEIVE THE PAYMENTS YOU ARE OWED FROM THIS SETTLEMENT, YOU <u>MUST</u> COMPLETE AND RETURN THE ENCLOSED CLAIM FORM BY SEPTEMBER 26, 2016**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **SUBMIT THE ENCLOSED CLAIM FORM BY SEPTEMBER 26, 2016** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | If you affirmatively exclude yourself (*i.e.*, "opt out" of the case), you will receive no payment from this settlement. However, you can pursue your claims separately against Metro by filing a separate case. The steps to exclude yourself are explained below. |
| **OBJECT (AND, IF YOU CHOOSE, GO TO THE FAIRNESS HEARING)** | If you wish to challenge the terms of this settlement, you may file an objection with the Court, setting forth the reasons why you oppose the settlement. You may also appear in Court and explain why you do not like the settlement or you may hire your own attorney to appear for you. Note that you can exclude yourself or object, but you cannot do both. You can both object and file a claim form. |
| **DO NOTHING** | If you do nothing, you will not receive a payment from the settlement, but you will still give up the right to pursue any of the claims covered by this settlement. |

The Court still must grant final approval of the settlement. Payments will be made only after final approval and after any appeals are resolved. Please be patient, as this process will take several months, or longer.

**DO NOT CONTACT THE COURT WITH ANY QUESTIONS REGARDING THIS SETTLEMENT OR THE CLAIMS PROCESS. ALL QUESTIONS REGARDING THE SETTLEMENT SHOULD BE DIRECTED TO THE SETTLEMENT ADMINISTRATOR OR CLASS COUNSEL (IDENTIFIED BELOW).**

QUESTIONS? Call 1-866-742-4955

1. **WHY SHOULD I READ THIS NOTICE?**

Because your rights may be affected. You are a class member in the class action lawsuit titled *Vonda Noel v. Metropolitan Government of Nashville and Davidson County, TN*, Case No. 3:11-cv-519 (M.D. Tenn.). A settlement has been reached in the case, subject to the Court's approval. The Court has ordered that this Notice be sent to you so that you can be fully informed about the settlement and your options related to the settlement. As a member of the certified class of correctional officers, you are entitled to payment pursuant to the settlement.

2. **WHAT ARE THE CLASS CLAIMS ABOUT?**

The class claims are about whether Metro paid its correctional officers a lower hourly wage than Metro was obligated to pay under the Metro Pay Plan for regularly scheduled work. The class alleges that Metro was contractually obligated to pay correctional officers the hourly rates listed in the Pay Plan. The class also alleges that Metro was unjustly enriched as a result of paying correctional officers at lower hourly rates than those set forth in the Pay Plan.

3. **WHAT IS A CLASS ACTION?**

A class action is a lawsuit in which one or a few plaintiffs bring suit on behalf of all the members of a similarly situated group to pursue a judgment for all members of the group. Class actions may be used by courts when the legal claims and evidence appear to raise issues of law or fact that are common to all members of the class, thereby making it fair to bind all class members to any orders and any judgment in the case.

4. **WHAT ARE THE SETTLEMENT TERMS?**

The Court has granted preliminary approval of this proposed settlement. The Court has not yet granted final approval of the settlement. Final approval will take place only after a Final Fairness Hearing, at which Class Members (such as you) will have an opportunity, if they desire, to comment on the proposed settlement. You are, however, not required to attend this hearing.

    a.     **How Much Money Is Metro Paying, And How Will It Be Divided?**

The Court will be asked to approve the following division of the $1,900,000 settlement:

| | |
|---|---|
| $1,130,280.95: | This amount will be divided among the Class Members who submit the enclosed Claim Form in direct proportion to (1) the length of each Class Member's tenure as a Metro Correctional Officer between July 18, 2006 and May 16, 2015, and (2) the Class Member's historic rates of pay. This amount will also be used to pay all applicable employment taxes to the appropriate agencies. |
| $31,500.00: | This amount will be divided among Vonda Noel, Mike Murphy, and the 19 individuals who spent significant time completing written discovery requests, sitting for depositions during this litigation, and testifying at trial. These payments are referred to in this Notice as Service Payments. |
| $19,976.89: | This amount will be paid to the Settlement Administrator for administering the settlement. |
| $84,908.83: | This amount will reimburse Class Counsel for expenses they have paid during this case. |
| $633,333.33: | This amount will be paid as attorneys' fees to compensate Class Counsel for the work they have performed representing the Class and pursuing these claims. |

b. **What Are You Giving Up In Exchange For This Money?**

If you do not exclude yourself from the settlement, you will be deemed to have given a complete release of all claims related to the case. In other words, you will not be able to bring any claims alleging the same sort of violations based on the same sort of facts. If the Court grants final approval to the settlement, the Court will enter a final judgment and dismiss all of the claims described in this Notice and the Settlement Agreement with prejudice.

5. **HOW DO I RECEIVE A PAYMENT FROM THE SETTLEMENT?**

**In order to receive a payment, you must complete and sign the enclosed Claim Form and mail or e-mail it to the Settlement Administrator.** There is a postage pre-paid, self-addressed, envelope included with this Notice. Your Claim Form must be mailed by first class mail and postmarked no later than September 26, 2016 or emailed no later than September 26, 2016. The Claim Form should be sent to:

RG/2 Claims Administration, LLC
ATTN: Noel v. Metro Settlement
P.O. Box 59479
Philadelphia, PA 19102-9479
info@rg2claims.com

If you lose, misplace, or need another Claim Form, or if you believe you have not been sent the necessary forms, you should contact the Settlement Administrator (866-742-4955).

6. **DO I HAVE TO PARTICIPATE IN THIS SETTLEMENT?**

**No. However, if you wish to exclude yourself (or opt out) from the settlement, you must submit a letter requesting exclusion.** Your request for exclusion must be signed by you personally, and it must clearly state: (1) your name, address, and telephone number, and (2) your wish to be excluded from the Settlement Class.

**Your letter requesting exclusion must be delivered to the Settlement Administrator, postmarked on or before August 22, 2016, and mailed to: RG/2 Claims Administration, LLC, ATTN: Noel v. Metro Settlement, P.O. Box 59479, Philadelphia, PA 19102-9479.**

If you submit a properly completed and timely request for exclusion, you will not be bound by the settlement and you will not be eligible to receive a settlement payment. Moreover, if you opt out, you will not be entitled to object to the settlement or to appear and be heard at the Final Fairness Hearing.

**If you do not request exclusion in the manner and time prescribed, you will be bound by the settlement and will release claims you may have against Metro, even if you do not submit a Claim Form.**

**DO NOT SUBMIT BOTH A REQUEST FOR EXCLUSION AND A CLAIM FORM.** If you submit both, and if the Settlement Administrator is unable to contact you to ascertain your intent, the request for exclusion will be deemed invalid, the timely Claim Form will be accepted for payment pursuant to the terms of the settlement, and you will be bound by the terms of the settlement.

7. **CAN I OBJECT TO THIS SETTLEMENT?**

Yes. The Court has scheduled a Final Fairness Hearing on Monday, September 12, 2016 at 10:30 A.M. in Courtroom A826 of the Middle District of Tennessee, which is located at 801 Broadway, Nashville, Tennessee,

37203, to hear evidence and testimony regarding whether final approval should be given to the proposed settlement. The Court may continue the time and date of the hearing without further notice. The Class Counsel will submit their request for final approval of the settlement on or before September 5, 2016.

You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement as presented to it by the parties. If the Court denies approval, no settlement payments will be made and the lawsuit will continue. If that is what you want to happen, you must object. You may object to the proposed settlement in writing. You may also appear at the Final Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

All written objections and supporting papers must: (a) clearly identify the case name and number (*Noel v. Metropolitan Government of Nashville and Davidson County, TN*, Case No. 3:11-cv-519), (b) be submitted to the Court either in person or by mailing them to the Clerk of Court, United States District Court for the Middle District of Tennessee, Nashville Division, 801 Broadway, Room 800, Nashville, TN 37203, and (c) be filed or postmarked on or before August 22, 2016.

## 8. WHAT HAPPENS IF THE SETTLEMENT DOES NOT BECOME FINAL?

If the settlement is not approved by the Court or is later terminated, you will receive no payment or benefits under the settlement, the lawsuit will proceed as active litigation, and you will not be bound by the releases in the settlement.

## 9. WHO REPRESENTS THE CLASS?

Vonda Noel is the class representative who represents the interests of Class Members in this litigation. Noel and the Class Members are represented by David W. Garrison at Barrett Johnston Martin & Garrison, LLC; 414 Union Street, Suite 900; Nashville, TN 37219; dgarrison@barrettjohnston.com; (615) 244-2202.

## 10. OTHER THAN CLASS MEMBERS, WHO IS BEING PAID UNDER THE SETTLEMENT AND WHY?

Subject to approval of the Court, Class Counsel's attorneys' fees and costs, the Service Awards, the Settlement Administrator's costs, and all employment taxes shall be also paid from the proposed settlement amount. In connection with the Final Fairness Hearing on September 12, 2016, Class Counsel will make a request for the Court to approve the distribution of funds set forth in Section 4a on Page 2 of this Notice.

## 11. HOW DO I OBTAIN ADDITIONAL INFORMATION?

This Notice is intended only to provide a summary of the circumstances surrounding the case, the terms of the proposed settlement, and related matters. In case there is any discrepancy between this Notice and the Settlement Agreement, the terms of the Settlement Agreement will control.

You can request a copy of the Settlement Agreement by contacting Class Counsel at (615) 244-2202. You can also access the Court's docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https:/ecf.tnmd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District for the Middle District of Tennessee in Nashville, Tennessee, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

# CLASS ACTION SETTLEMENT CLAIM FORM

*Noel v. Metro. Gov't of Nashville & Davidson County, TN*
(Case Number 3:11-cv-519, M.D. Tenn.)

**THIS FORM MUST BE POSTMARKED OR E-MAILED BY SEPTEMBER 26, 2016,
OR YOU <u>WILL NOT RECEIVE</u> A CLASS ACTION SETTLEMENT PAYMENT**

---

To receive a settlement payment for the class action claim that you were paid less than the Metro Pay Plan required Metro to pay you, you <u>must</u> sign, date, and complete this form, and you <u>must</u> then mail or email the completed form to the Settlement Administrator on or before **September 26, 2016**.

---

Send This Completed Form to the Settlement Administrator by Using
The Enclosed Business Reply Envelope or as Follows:

**RG2 Claims Administration, LLC**
ATTN: Noel v. Metro Settlement
P.O. Box 59479
Philadelphia, PA  19102-9479
info@rg2claims.com
Phone Number: (866) 742-4955

| | |
|---|---|
| _____<br>SIGNATURE | Date: _____ |
| _____<br>NAME (Please Print Clearly) | _____<br>LAST 4 DIGITS SOCIAL SECURITY NO. |
| _____<br>STREET ADDRESS | _____<br>PHONE NUMBER |
| _____<br>CITY, STATE, ZIP CODE | _____<br>E-MAIL ADDRESS |

**IF YOU DO NOT SEND THIS COMPLETED FORM
TO THE ADMINISTRATOR BY SEPTEMBER 26, 2016
<u>YOU WILL NOT RECEIVE A PAYMENT FOR THESE CLAIMS</u>**

# EXHIBIT A-2

# You are entitled to a settlement payment as a member of a class of Correctional Officers who worked for the Davidson County Sheriff's Office between July 18, 2006 and May 16, 2015.

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

**Your legal rights may be affected *whether or not you act*. READ THIS NOTICE CAREFULLY.**

- The proposed class action settlement is for $1,900,000. The majority of this amount will be used to make payments to former and current Metro Correctional Officers **who submit a Claim Form**.

- The class action settlement resolves claims that Metro paid its Correctional Officers (CO1, CO2, and CO3) less than the Metro Pay Plan required Metro to pay them for regularly scheduled work.

- The lawyers who were approved by the Court to represent the class of correctional officers will ask the Court for 33% (or $633,333.33) of the $1,900,000 settlement amount to pay for their fees associated with the class claims. The lawyers will also ask the Court for reimbursement of the $84,908.83 in expenses that they have spent on this case to advance the class claims. The lawyers have not been paid anything yet, and will not be paid unless the employees obtain a recovery.

- The two sides disagree as to whether Metro violated the law and disagree as to the value of the employees' class claims. However, in light of the risk and expense of proceeding with litigation, Metro, the Class Representative, and Class Counsel for the Plaintiffs all believe this is a fair settlement of the class claims.

**TO RECEIVE THE PAYMENTS YOU ARE OWED FROM THIS SETTLEMENT, YOU <u>MUST</u> COMPLETE AND RETURN THE ENCLOSED CLAIM FORM BY SEPTEMBER 26, 2016**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **SUBMIT THE ENCLOSED CLAIM FORM BY SEPTEMBER 26, 2016** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | If you affirmatively exclude yourself (*i.e.*, "opt out" of the case), you will receive no payment from this settlement. However, you can pursue your claims separately against Metro by filing a separate case. The steps to exclude yourself are explained below. |
| **OBJECT (AND, IF YOU CHOOSE, GO TO THE FAIRNESS HEARING)** | If you wish to challenge the terms of this settlement, you may file an objection with the Court, setting forth the reasons why you oppose the settlement. You may also appear in Court and explain why you do not like the settlement or you may hire your own attorney to appear for you. Note that you can exclude yourself or object, but you cannot do both. You can both object and file a claim form. |
| **DO NOTHING** | If you do nothing, you will not receive a payment from the settlement, but you will still give up the right to pursue any of the claims covered by this settlement. |

The Court still must grant final approval of the settlement. Payments will be made only after final approval and after any appeals are resolved. Please be patient, as this process will take several months, or longer.

**DO NOT CONTACT THE COURT WITH ANY QUESTIONS REGARDING THIS SETTLEMENT OR THE CLAIMS PROCESS. ALL QUESTIONS REGARDING THE SETTLEMENT SHOULD BE DIRECTED TO THE SETTLEMENT ADMINISTRATOR OR CLASS COUNSEL (IDENTIFIED BELOW).**

QUESTIONS? Call 1-866-742-4955

1. **WHY SHOULD I READ THIS NOTICE?**

Because your rights may be affected.  You are a class member in the class action lawsuit titled *Vonda Noel v. Metropolitan Government of Nashville and Davidson County, TN*, Case No. 3:11-cv-519 (M.D. Tenn.).  A settlement has been reached in the case, subject to the Court's approval.  The Court has ordered that this Notice be sent to you so that you can be fully informed about the settlement and your options related to the settlement. As a member of the certified class of correctional officers, you are entitled to payment pursuant to the settlement.

2. **WHAT ARE THE CLASS CLAIMS ABOUT?**

The class claims are about whether Metro paid its correctional officers a lower hourly wage than Metro was obligated to pay under the Metro Pay Plan for regularly scheduled work.  The class alleges that Metro was contractually obligated to pay correctional officers the hourly rates listed in the Pay Plan.  The class also alleges that Metro was unjustly enriched as a result of paying correctional officers at lower hourly rates than those set forth in the Pay Plan.

3. **WHAT IS A CLASS ACTION?**

A class action is a lawsuit in which one or a few plaintiffs bring suit on behalf of all the members of a similarly situated group to pursue a judgment for all members of the group. Class actions may be used by courts when the legal claims and evidence appear to raise issues of law or fact that are common to all members of the class, thereby making it fair to bind all class members to any orders and any judgment in the case.

4. **WHAT ARE THE SETTLEMENT TERMS?**

The Court has granted preliminary approval of this proposed settlement. The Court has not yet granted final approval of the settlement. Final approval will take place only after a Final Fairness Hearing, at which Class Members (such as you) will have an opportunity, if they desire, to comment on the proposed settlement.  You are, however, not required to attend this hearing.

    a.    **How Much Money Is Metro Paying, And How Will It Be Divided?**

The Court will be asked to approve the following division of the $1,900,000 settlement:

| | |
|---|---|
| $1,130,280.95: | This amount will be divided among the Class Members who submit the enclosed Claim Form in direct proportion to (1) the length of each Class Member's tenure as a Metro Correctional Officer between July 18, 2006 and May 16, 2015, and (2) the Class Member's historic rates of pay.  This amount will also be used to pay all applicable employment taxes to the appropriate agencies. |
| $31,500.00: | This amount will be divided among Vonda Noel, Mike Murphy, and the 19 individuals who spent significant time completing written discovery requests, sitting for depositions during this litigation, and testifying at trial.  These payments are referred to in this Notice as Service Payments. |
| $19,976.89: | This amount will be paid to the Settlement Administrator for administering the settlement. |
| $84,908.83: | This amount will reimburse Class Counsel for expenses they have paid during this case. |
| $633,333.33: | This amount will be paid as attorneys' fees to compensate Class Counsel for the work they have performed representing the Class and pursuing these claims. |

**b.    What Are You Giving Up In Exchange For This Money?**

If you do not exclude yourself from the settlement, you will be deemed to have given a complete release of all claims related to the case. In other words, you will not be able to bring any claims alleging the same sort of violations based on the same sort of facts. If the Court grants final approval to the settlement, the Court will enter a final judgment and dismiss all of the claims described in this Notice and the Settlement Agreement with prejudice.

**5.   HOW DO I RECEIVE A PAYMENT FROM THE SETTLEMENT?**

**In order to receive a payment, you must complete and sign the enclosed Claim Form and mail or e-mail it to the Settlement Administrator.** There is a postage pre-paid, self-addressed, envelope included with this Notice. Your Claim Form must be mailed by first class mail and postmarked no later than September 26, 2016 or emailed no later than September 26, 2016. The Claim Form should be sent to:

RG/2 Claims Administration, LLC
ATTN: Noel v. Metro Settlement
P.O. Box 59479
Philadelphia, PA 19102-9479
info@rg2claims.com

If you lose, misplace, or need another Claim Form, or if you believe you have not been sent the necessary forms, you should contact the Settlement Administrator (866-742-4955).

**6.   DO I HAVE TO PARTICIPATE IN THIS SETTLEMENT?**

**No. However, if you wish to exclude yourself (or opt out) from the settlement, you must submit a letter requesting exclusion.** Your request for exclusion must be signed by you personally, and it must clearly state: (1) your name, address, and telephone number, and (2) your wish to be excluded from the Settlement Class.

**Your letter requesting exclusion must be delivered to the Settlement Administrator, postmarked on or before August 22, 2016, and mailed to: RG/2 Claims Administration, LLC, ATTN: Noel v. Metro Settlement, P.O. Box 59479, Philadelphia, PA 19102-9479.**

If you submit a properly completed and timely request for exclusion, you will not be bound by the settlement and you will not be eligible to receive a settlement payment. Moreover, if you opt out, you will not be entitled to object to the settlement or to appear and be heard at the Final Fairness Hearing.

**If you do not request exclusion in the manner and time prescribed, you will be bound by the settlement and will release claims you may have against Metro, even if you do not submit a Claim Form.**

**DO NOT SUBMIT BOTH A REQUEST FOR EXCLUSION AND A CLAIM FORM.** If you submit both, and if the Settlement Administrator is unable to contact you to ascertain your intent, the request for exclusion will be deemed invalid, the timely Claim Form will be accepted for payment pursuant to the terms of the settlement, and you will be bound by the terms of the settlement.

**7.   CAN I OBJECT TO THIS SETTLEMENT?**

Yes. The Court has scheduled a Final Fairness Hearing on Monday, September 12, 2016 at 10:30 A.M. in Courtroom A826 of the Middle District of Tennessee, which is located at 801 Broadway, Nashville, Tennessee,

37203, to hear evidence and testimony regarding whether final approval should be given to the proposed settlement. The Court may continue the time and date of the hearing without further notice. The Class Counsel will submit their request for final approval of the settlement on or before September 5, 2016.

You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement as presented to it by the parties. If the Court denies approval, no settlement payments will be made and the lawsuit will continue. If that is what you want to happen, you must object. You may object to the proposed settlement in writing. You may also appear at the Final Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

All written objections and supporting papers must: (a) clearly identify the case name and number (*Noel v. Metropolitan Government of Nashville and Davidson County, TN*, Case No. 3:11-cv-519), (b) be submitted to the Court either in person or by mailing them to the Clerk of Court, United States District Court for the Middle District of Tennessee, Nashville Division, 801 Broadway, Room 800, Nashville, TN 37203, and (c) be filed or postmarked on or before August 22, 2016.

## 8. <u>WHAT HAPPENS IF THE SETTLEMENT DOES NOT BECOME FINAL?</u>

If the settlement is not approved by the Court or is later terminated, you will receive no payment or benefits under the settlement, the lawsuit will proceed as active litigation, and you will not be bound by the releases in the settlement.

## 9. <u>WHO REPRESENTS THE CLASS?</u>

Vonda Noel is the class representative who represents the interests of Class Members in this litigation. Noel and the Class Members are represented by David W. Garrison at Barrett Johnston Martin & Garrison, LLC; 414 Union Street, Suite 900; Nashville, TN 37219; dgarrison@barrettjohnston.com; (615) 244-2202.

## 10. <u>OTHER THAN CLASS MEMBERS, WHO IS BEING PAID UNDER THE SETTLEMENT AND WHY?</u>

Subject to approval of the Court, Class Counsel's attorneys' fees and costs, the Service Awards, the Settlement Administrator's costs, and all employment taxes shall be also paid from the proposed settlement amount. In connection with the Final Fairness Hearing on September 12, 2016, Class Counsel will make a request for the Court to approve the distribution of funds set forth in Section 4a on Page 2 of this Notice.

## 11. <u>HOW DO I OBTAIN ADDITIONAL INFORMATION?</u>

This Notice is intended only to provide a summary of the circumstances surrounding the case, the terms of the proposed settlement, and related matters. In case there is any discrepancy between this Notice and the Settlement Agreement, the terms of the Settlement Agreement will control.

You can request a copy of the Settlement Agreement by contacting Class Counsel at (615) 244-2202. You can also access the Court's docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https:/ecf.tnmd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District for the Middle District of Tennessee in Nashville, Tennessee, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

# BARRETT JOHNSTON MARTIN & GARRISON LLC

David W. Garrison and Scott P. Tift
dgarrison@barrettjohnston.com
stift@barrettjohnston.com

## NOTICE OF SETTLEMENT OF OFF-THE-CLOCK CLAIMS

| To: | All individuals who affirmatively joined the collective Off-The-Clock claims by mailing a Consent-to-Join Form to Barrett Johnston Martin & Garrison, LLC |
|---|---|

**Re:    Settlement of Collective Off-The-Clock Claims**

You are receiving this notice <u>in addition to</u> the four-page Notice included with this mailing because you are entitled to receive a settlement payment for post-shift unpaid work, <u>in addition to</u> the settlement payment addressed in the four-page Notice.

This lawsuit involved two classes of correctional officers. The first class pursued claims for post-shift, unpaid work. Individuals had to affirmatively join this class. The second class pursued claims that Metro had unjustly paid its correctional officers at lower hourly rates than the hourly rates set forth in the Metro Pay Plan for all regularly-scheduled work. Individuals were automatically included in this second class unless they affirmatively excluded themselves from the class. You are a member of both classes, and both classes' claims have been settled.

**<u>You must return the enclosed Claim Form to the Settlement Administrator to receive a settlement payment for the underpaid regular work claim, which is the larger of the two payments.</u>** You do not have to do anything to receive your settlement payment for the post-shift, unpaid work claim.

If your mailing address has changed in the past several years, we strongly recommend that you call the settlement administrator to update or confirm your mailing address to make sure that you receive your settlement check. If you do not do so, your check might be mailed to an old address, and you will ultimately lose your right to be paid out of the settlement if the check does not reach you promptly. The Settlement Administrator's phone number is (866) 742-4955.

As always, please call us at (615) 244-2202 if you have any questions.

Sincerely,

David W. Garrison                              Scott P. Tift

# CLASS ACTION SETTLEMENT CLAIM FORM

*Noel v. Metro. Gov't of Nashville & Davidson County, TN*
(Case Number 3:11-cv-519, M.D. Tenn.)

**THIS FORM MUST BE POSTMARKED OR E-MAILED BY SEPTEMBER 26, 2016,
OR YOU <u>WILL NOT RECEIVE</u> A CLASS ACTION SETTLEMENT PAYMENT**

---

To receive a settlement payment for the class action claim that you were paid less than the Metro Pay Plan required Metro to pay you, you <u>must</u> sign, date, and complete this form, and you <u>must</u> then mail or email the completed form to the Settlement Administrator on or before **September 26, 2016**.

---

Send This Completed Form to the Settlement Administrator by Using
The Enclosed Business Reply Envelope or as Follows:

**RG2 Claims Administration, LLC**
ATTN: Noel v. Metro Settlement
P.O. Box 59479
Philadelphia, PA  19102-9479
info@rg2claims.com
Phone Number: (866) 742-4955

---

_____      Date: _____
SIGNATURE

_____      _____
NAME (Please Print Clearly)                              LAST 4 DIGITS SOCIAL SECURITY NO.

_____      _____
STREET ADDRESS                                          PHONE NUMBER

_____      _____
CITY, STATE, ZIP CODE                                   E-MAIL ADDRESS

---

**IF YOU DO NOT SEND THIS COMPLETED FORM
TO THE ADMINISTRATOR BY SEPTEMBER 26, 2016
<u>YOU WILL NOT RECEIVE A PAYMENT FOR THESE CLAIMS</u>**

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing *Declaration of Melissa E. Baldwin* was filed electronically with the Clerk's office by using the CM/ECF system and was served electronically upon the following on September 6, 2016:

Allison S. Bussell
Klein Bussell, PLLC
814 Church Street, Suite 202
Nashville, TN 37203
allison.bussell@thekleinlawoffice.com

Christopher M. Lackey
R. Alex Dickerson
Metropolitan Department of Law
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, TN 37219-6300
chris.lackey@nashville.gov
alex.dickerson@nashville.gov

/s/ David W. Garrison
DAVID W. GARRISON
**BARRETT JOHNSTON**
**MARTIN & GARRISON, LLC**

1