UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NOEL, VONDA, On Behalf of HERSELF and All Others Similarly Situated,    )<br>   )<br>   )<br>*Plaintiff,*   )<br>   )<br>v.   )<br>   )<br>METROPOLITAN GOVERNMENT OF   )<br>NASHVILLE AND DAVIDSON   )<br>COUNTY, TENNESSEE,   )<br>   )<br>*Defendant.*   )<br>   )<br>   ) | CLASS AND COLLECTIVE ACTION<br><br>CASE NO. 3:11-cv-519<br><br>JUDGE SHARP<br>MAGISTRATE JUDGE KNOWLES |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT AND AWARD OF FEES AND EXPENSES

For the reasons set forth in Plaintiffs' Unopposed Motion for Final Approval of Settlement and Class Counsel's Application for an Award of Attorneys' Fees and Expenses and supporting Memorandum of Law, the Declaration and Supplemental Declaration of Class Counsel David W. Garrison, and the Declaration of Melissa E. Baldwin, the Director of Claims Administration for the Claims Administrator in this matter, the Court hereby orders the following:

1. The Rule 23 Class Action Settlement Agreement and Release (the "Settlement") (Doc. No. 480, Ex. 1) negotiated by the parties is fair, adequate, and reasonable because: (1) the settlement agreement is the product of arm's length negotiations; (2) while Plaintiff and Class Counsel believe the class's position is strong, continued litigation through a second-phase of trial and appeal would be complex, costly, and long; (3) the parties have engaged in extensive discovery; (4) Class Counsel and the Class Representative believe settlement is in the best interest of the class; (6) the reaction of the class has been overwhelmingly positive; and (7) final

1

approval of the settlement is in the public interest. Accordingly, Plaintiffs' Unopposed Motion for Final Approval of Settlement is **GRANTED.**

2. The Court hereby awards Class Counsel $633,333.33 in attorneys' fees representing thirty-three and one-third percent (33.33%) of the Settlement Fund and $84,908.83 in expenses incurred in pursuit of Plaintiff's Rule 23 claims. The attorneys' fees and expenses shall be paid by the Settlement Administrator in accordance with Section 9.4 of the Settlement Agreement. The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method considering, among other things, the highly favorable result achieved for the Class; the contingent nature of Class Counsel's representation; Class Counsel's diligent prosecution of the Action; the quality of legal services provided by Class Counsel that produced the Settlement; that the Plaintiff and Court appointed Settlement Class Representative reviewed and approved the requested fee; the reaction of the Class to the fee request; and the awarded fee is in accord with Sixth Circuit authority in class actions.

3. The Court finds reasonable and approves service awards of $10,000.00 to Named Plaintiff Vonda Noel; $2,500.00 to Michael Murphy; and $1,000.00 each to DeQuan Adams, Willie Anderson, Jr., Curtis Barnes, Adam Boyd, Keith Brown, Careese Cannon, Vincent Carr, Xaviere Cunningham, Geoffrey Hampton, Shaun Hennekam, Michael Hunter, Tonya Lawrence, LeRonce Mitchell, Micah Nowack, Antoine Smith, Deidre Taylor, Tanisha Wells, Warren Wilke and Adrean Williams. The service awards shall be paid in accordance with Section 9.1 of the Settlement Agreement.

4. The Metropolitan Government Employee Emergency Support Fund, c/o The Community Foundation of Middle Tennessee, P.O. Box 440225, Nashville, TN 37244 is hereby approved as the *cy pres* recipient of any funds resulting from uncashed settlement checks.

5. Without affecting the finality of this Order and Final Judgment in any way, the Court retains continuing jurisdiction over this Action for the purpose of enforcing the Settlement.

6. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided for and in accordance with the Settlement Agreement.

7. This action is hereby **DISMISSED, WITH PREJUDICE**, in accordance with the Settlement Agreement.

DATED: September 12, 2016

_____
KEVIN SHARP
UNITED STATES DISTRICT JUDGE